108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Aurelio VASQUEZ-YANEZ; aka: Pedro Serna-Garcia, Defendant-Appellant.
 No. 95-50394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Feb. 13, 1997.
 
 1
 Before: Fletcher and Trott, Circuit Judges, and Jenkins, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Aurelio Vasquez-Yanez ("Appellant") appeals his jury conviction for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a). Appellant contends that there was insufficient evidence to support his conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 Appellant did not make a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29 at the close of the government's case or at the conclusion of all the evidence at trial. Appellant's attempt to rely on his codefendant's Rule 29 motion is meritless. Compare United States v. Koon, 34 F.3d 1416, 1442 (9th Cir.1994) (reviewing only for plain error when defendants failed to join in codefendant's motion for a mistrial), aff'd in part, rev'd in part on other grounds, 116 S.Ct. 2035 (1996), with United States v. Fleishman, 684 F.2d 1329, 1340 (9th Cir.1982) (reviewing sufficiency of the evidence claim under normal "rational trier of fact" standard because all codefendants joined Rule 29 motion before district court). Thus, Appellant waives his objection to the sufficiency of the government's evidence. United States v. Ramirez, 880 F.2d 236, 238 (9th Cir.1989). "Nonetheless, 'plain errors or defects affecting the substantial rights may be noticed although they were not brought to the attention of the trial court.' " Id. (quoting Fed.R.Crim.P. 52(b)).
 
 
 5
 "In considering a challenge to the sufficiency of the evidence, we consider whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Enriquez-Estrada, 999 F.2d 1355, 1358 (9th Cir.1993) (internal quotation omitted). After carefully reviewing the trial transcripts, we conclude that the evidence was sufficient to support Appellant's conviction.
 
 
 6
 The following evidence supports the conclusion that Appellant had dominion and control over the 262 grams of heroin taken from the Auburn Apartment:
 
 
 7
 . On the day of Appellant's arrest, agents observed Appellant leave the Auburn Apartment and deliver a quantity of heroin with a purity consistent with the 262 grams of heroin from the Auburn Apartment;
 
 
 8
 . Agents observed Appellant come and go from the Auburn Apartment on numerous occasions, and two children who lived in the apartment adjacent to the Auburn Apartment identified Appellant as an occupant of the apartment, where drug ledgers, drugs, and proceeds from heroin sales were stored before the items were removed by a coconspirator;
 
 
 9
 . Agents recovered from the Auburn Apartment eyeglasses, clothing, and hair dye consistent with Appellant's "size and style";
 
 
 10
 . On a prior occasion, a confidential informant saw Appellant walk from the direction of the Auburn Apartment shortly before making a hand-to-hand heroin transaction in the informant's presence; and
 
 
 11
 . Agents observed Appellant over a three-day period make numerous trips from the Auburn Apartment to locations where heroin and other drug ledgers were recovered.
 
 
 12
 Viewing this evidence in the light most favorable to the government, the evidence is sufficient for a rational trier of fact to conclude that Appellant was making heroin deliveries from a stash kept in the Auburn Apartment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Bruce S. Jenkins, Senior District Judge for the District of Utah, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3